UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS ESSINGER, | ) | CASE NO.  3:05CV1716 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| WANZA JACKSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. (Doc. No. 16.) Petitioner Travis Essinger (Petitioner or Essinger) has filed objections to the Report. (Doc. No. 17.) For the reasons that follow, the Report and Recommendation is **ADOPTED**, and Petitioner's application for a writ of habeas corpus (Doc. No. 1) is **DENIED**.

**I.**

**INTRODUCTION**

On July 1, 2005, Essinger filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for robbery. The Court referred the matter to Magistrate Judge Kenneth S. McHargh for the preparation of a Report and Recommendation. The Magistrate Judge submitted his Report and Recommendation on July 14, 2006.[1] In his Report, the Magistrate Judge determined that Essinger had failed to demonstrate that he was denied

---

[1] The matter was originally assigned to the docket of the Honorable James S. Gwin. The action was transferred to the docket of the Honorable Sara Lioi on March 19, 2007.

ineffective assistance of counsel at trial and further failed to establish his right to habeas relief based upon the weight of the evidence. Ultimately, the Magistrate Judge recommended that both of Essigner's claims for relief be denied.

## II.

## **STANDARD FOR REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in Petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Where a ruling in state court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the parties, and the objections to the Report raised by Petitioner. The Court finds the Report and Recommendation to

2

have been well-reasoned and factually correct. The Court also finds Essinger's objections to be without merit.

### III.

### FACTUAL BACKGROUND

Because Essinger objected only to the portion of the Magistrate Judge's Report and Recommendation addressing the state appellate court's ruling on the effectiveness of trial counsel and the weight of the evidence presented at trial, the remainder of the Report – including its account of the factual and procedural history of the case – is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for Essinger's objections.

In December of 2002, Essinger was present in a bar with friends. At some point during the evening, Essinger followed the victim, Steve Campton, out the back door of the bar to an area behind the bar. Approximately ten to twenty minutes later, Essinger came back into the bar and advised the bartender that Campton was passed out on the bar's back porch. The bartender found Campton lying on the ground with a head wound and called the police.

The victim was rushed to the hospital, and the police questioned the bartender and the patrons, including Essinger. Though it appears that Essinger's story changed throughout the night, and continued to evolve during his trial, Essinger maintained that Campton had approached him regarding a drug sale, and that when the conversation turned sour, the two men fought. As a result of the encounter, Campton hit his head.

A search of the area by the police revealed clumps of down feathers, similar to the feathers in Essinger's jacket, and Campton's empty wallet near the porch. Police also found over $200.00 on Essinger's person, after he stated that he did not have any money on him. Based upon the circumstantial evidence, and inconsistencies in Essinger's story, the police arrested Essinger and charged him with robbery.

Essinger took the stand in his own defense and offered testimony that he had intended that he and Campton would participate in a drug transaction together, but became angry when he realized that Campton did not have the money to finance the drug purchase. He claimed that he and Campton fought and Campton hit his head during the struggle. At the conclusion of trial, the jury found Essinger guilty of robbery and he was sentenced to eight years in prison. *State v. Essinger*, 2003 WL 22533693 (Ohio App. 3rd Dist. Nov. 10, 2003). Following the exhaustion of his state remedies, Essinger sought federal habeas corpus relief.

**IV.**

**LAW AND ANALYSIS**

Essinger raised two claims for relief in his petition. In his first claim, Petitioner argued that his counsel was ineffective for the following reasons:

> Defense counsel failed to object to prosecutorial misconduct, failed to object to the introduction of highly prejudicial evidence, failed to request a critical jury instruction and failed to fully explain to Petitioner his right to present and [sic] defense without testifying in his own defense. The cumulative errors denied Petitioner effective assistance of counsel.

(Petition, p. 4.)

These same issues were raised on direct appeal in state court. Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the

4

state appellate court reviewed the instances of alleged ineffective representation and found that none, either separately or cumulatively, rose to the level of ineffective assistance of counsel.[2]

The Magistrate Judge recommended that Essinger's first claim be denied because the state appellate court's decision was neither contrary to nor an objectively unreasonable application of *Strickland*, as required for a federal court to grant a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). *See Williams v. Taylor*, 529 U.S. 362, 409-412 (2000). Petitioner objects to this determination.

In his objection, Essinger complains that the state appellate court selectively reviewed parts of the record and did not fully address each alleged instance of ineffectiveness. Essinger attacks the Report by observing that "[t]he Magistrate Judge found that since a federal court is obliged to presume that Ohio courts correctly interpret Ohio evidence law, the Magistrate Judge could not find that the state appellate court's ruling an [sic] evidentiary issue [sic] was unreasonable." (Objections, p. 2.) Ultimately, he challenges "the Magistrate Judge's conclusion that the Ohio appellate court's resolution of his assistance of counsel claim was reasonable in those instances where counsel failed to act in accordance with state evidentiary rules." (*Id*.)

Petitioner insists that he "does not claim that evidentiary rulings violated his constitutional rights." (Objections, p. 2.) Yet his ineffective assistance of counsel claim rises and falls with the reasonableness of his trial counsel's actions in light

---

[2] In disposing of the alleged instances of deficient representation, the appellate court found that trial counsel did not err in failing to object to certain witness testimony; that, in some instances, counsel's failure to object could have been trial strategy; that, in other instances, any objection to the evidence or testimony offered would have been futile; and that trial counsel adequately advised his client of the risks and benefits of testifying on his own behalf. *Essinger*, 2003 WL 22533693, *2-*8.

of Ohio evidentiary and procedural rules. The state appellate court's application of its own evidentiary rules are, therefore, of paramount importance to this federal claim.

Consequently, it is important to begin by reviewing the federal court's role in the habeas process. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Errors in state procedural or evidentiary rules are not properly the subject of a federal habeas action "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004), citing *McGuire*, 502 U.S. at 69-70. Because these determinations involve state evidentiary law, the Magistrate Judge quite properly concluded that the federal courts "must defer to [the] state court's interpretation of its own rules of evidence and procedure." *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988), quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985).

As for legal conclusions, the Court defers to the state appellate court so long as the conclusions are not contrary to or amount to an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). *See McGhee v. Yukins*, 229 F.3d 506, 509 (6th Cir. 2000). In recommending that the Court find that the state appellate court's application of the *Strickland* standard to the facts of the case was not contrary to or represent an unreasonable application of clearly established federal law, the Magistrate Judge noted that, in every instance, an objection would either have been futile or the failure to object represented sound trial strategy. (Report, pp. 16-17.)

In support of his "selective review" attack upon the state appellate court's decision, Essinger keys in on the prosecutor's cross-examination of him on the issue of a plea bargain he entered into in a prior case. Essinger concedes that he opened the door to the questioning on direct examination. Nonetheless, he argues that the state appellate court should have found that trial counsel erred in failing to object to the prosecutor's attempt to use this testimony to mislead the jury into thinking that he had gone to trial in this case because he had not been offered a plea bargain.

Essinger has failed to demonstrate how such a line of questioning, which clearly was permissible given Essinger's direct examination that he had plead guilty in the prior case because he was guilty and had plead not guilty in the present case because he was innocent, constituted an error that rendered "the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo*, 365 F.3d at 494. Moreover, applying the *Strickland* standard, the state appellate court properly determined that trial counsel was not ineffective for failing to object to a valid line of questioning. *See Levon v. United States*, 2007 U.S. Dist. LEXIS 52841, *17 (E.D. Mich. July 23, 2007) ("An attorney's failure to raise a futile argument does not constitute ineffective assistance of counsel."), citing *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

Essinger also challenges the state appellate court's determination that it was not error for trial counsel to refrain from objecting to the prosecutor's questions regarding the details of his prior robbery conviction. While Essinger insists that this line of questioning violated "well-established Ohio law," he fails to cite to any such law. The Court, however, is unaware of any Ohio law that prohibits the use of a prior

7

conviction involving dishonesty as impeachment. *Contra State v. Rogers*, 2000 Ohio App. LEXIS 5332, *7 (Ohio Ct. App. 8th Dist. Nov. 16, 2000) (recognizing that "Ohio courts have consistently held that theft, robbery and aggravated robbery are crimes of dishonesty"); *State v. Johnson*, 10 Ohio App. 3d 14, 16 (Ohio Ct. App. 10th Dist. 1983) (all crimes involving dishonesty, including crimes constituting "theft," can be used for impeachment purposes). Again, trial counsel's failure to object to this valid line of questioning cannot support a finding of ineffectiveness under *Strickland. See Levon,* 2007 U.S. Dist. LEXIS 52841, *17; *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure to raise futile motion to suppress did not constitute ineffective assistance of counsel).

Essinger also takes issue with the state appellate court's determination that trial counsel's failure to object to certain hearsay evidence was proper trial strategy. In particular, Essinger highlights the appellate court's determination that, after one of trial counsel's objections had been overruled as premature, counsel's decision not to immediately offer another objection constituted reasonable trial strategy. *Essinger*, 2003 WL 22533693, *4.

By way of objection, Essinger complains that the appellate court's selective rendering of the relevant testimony at trial permitted it to conclude that the failure to offer an objection was a matter of trial strategy. Petitioner fails, however, to point to any other portion of the record that would tend to show that the state appellate court's conclusions were contrary to federal law. Essinger's complaint amounts to nothing more than a belief that trial counsel should have undertaken a different strategy.

8

Such tactical decisions cannot form the basis for an ineffective assistance of counsel claim. *See Buell v. Mitchell*, 274 F.3d 337, 360 (6th Cir. 2001).

Essinger also complains that the Magistrate Judge failed to address all of the instances of claimed ineffectiveness set forth in his traverse. He neglects, however, to identify any alleged omissions and further neglects to show how these omissions, if specifically considered, would have constituted ineffective assistance of counsel under *Strickland*. As such, this first objection is **OVERRULED**.

In his second ground for relief, Essinger claims that the State did not prove his guilt beyond a reasonable doubt. On direct appeal, the state court rejected both the argument that there was insufficient evidence to convict, and the argument that the conviction was against the manifest weight of the evidence. Reviewing the evidence in a light most favorable to the prosecution, the state appellate court concluded that a rational trier of fact could have found the only element of the crime questioned on appeal – that the theft was facilitated by the use of physical force – was proven beyond a reasonable doubt. *Essinger,* 2003 WL 22533693, *2-*3. In so ruling, the state appellate court observed:

> Testimony established that Essinger and Campton were outside the bar at the same time. The testimony of the officers was that Campton's wounds did not appear to be those caused by a fall. Pictures of Campton's wounds were entered into evidence along with testimony showing Campton had suffered injuries to the back and front of his head. Pictures of the back porch were entered into evidence as well as pictures depicting blood near the wall of the bar past the back porch. This was not consistent with Essinger's claim that Campton had fallen on the porch. Essinger was found with Campton's money on him. When Essinger pulled the money out, it was crumpled up and located in several different pockets. Essinger had been giving conflicting versions of what happened that night to both

9

>the police and his friends. Campton testified that he would not have given his money or wallet up voluntarily.

*Id*. at *3.

While acknowledging that Essinger had abandoned this claim in his traverse, the Magistrate Judge, nonetheless, addressed the viability of the claim. In light of the fact that, through this claim, Essinger invites the Court to weigh the circumstantial evidence offered by the prosecution, the Magistrate Judge concluded that the second claim was based on the manifest weight of the evidence, and was, therefore, a state law issue. Noting that this claim was not presented to the state appellate court as a federal constitutional claim, the Magistrate Judge properly concluded that the federal courts lacked the power to grant habeas relief. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), cert. denied, 476 U.S. 1123 (1986).

In his objection, Essinger argues that his federal claim is not one of manifest weight but is based on the legal sufficiency of the evidence. As support, Essinger points to the evidence that he offered at trial tending to show that Campton was not the victim of a robbery but was, rather, involved in drug deal "gone bad."

No matter how he presents the claim, it remains a state law claim based on the manifest weight of the evidence. Essinger has simply renewed his invitation to this Court to re-weigh the defense evidence of a drug deal against the prosecution's circumstantial evidence of a robbery. He is dissatisfied with the way the jury, and the state appellate court, considered the evidence and would like the federal court to sit as the

thirteenth juror.[3] A claim attacking the weight of the evidence is an issue of state law, however, and does not present suitable grounds for federal habeas relief. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 838 (E.D. Mich. 2004).

Even if the Court views Essinger's second claim as one based on a sufficiency of the evidence argument, it still falls short. A conviction is based on sufficient evidence if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). When considering such a claim, a reviewing court does not reweigh the evidence: "[t]he mere existence of sufficient evidence to convict [...] defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Sanford v. Yukins*, 288 F. 3d 855, 860 (6th Cir. 2002) (internal quotation omitted), cert. denied, 537 U.S. 980 (2002). There are two elements of the crime of robbery that the State was required to prove at trial; namely, a theft and the use of physical force. Ohio Rev. Code § 2911.02(A)(3). *See State v. Davis*, 6 Ohio St. 3d 91, 93 (1983). To prove a "theft" under Ohio law, the prosecution must establish that the accused: "(1) knowingly obtain[ed] or exert[ed] control over property or services (2) with purposes to deprive the

---

[3] Essinger's desire to re-weigh the evidence is evident. In his objection, he notes "The state court agreed that the evidence against Essinger was circumstantial and that some evidence supported Essinger's possession of Campton's money as sufficient proof of a robbery. This was not a reasonable disposition of Essinger's claim." (Objections, p. 5.) Essinger clearly takes issue with the manner in which the state appellate court evaluated the evidence.

11

owner thereof (3) without consent of the owner or person authorized to consent[.]" *State v. Talley*, 18 Ohio St. 3d 152, 154 (1985).

Pointing to the evidence of a possible drug deal, Essinger argues now that there was insufficient evidence to demonstrate the existence of a theft beyond a reasonable doubt. On direct appeal, however, Essinger's limited his sufficiency claim to the evidence relating to the element involving the use of physical force. Having failed to raise this particular claim in the state courts below, he has, therefore, procedurally defaulted on the claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Even if he had preserved this claim, it would fail on the merits. The state appellate court observed that "Essinger was found with Campton's money on him […] Campton testified that he would not have given his money or wallet up voluntarily." *Essinger*, 2003 WL 22533693, *3. Without doubt, a rational trier of fact could have found proof of the existence of a theft beyond a reasonable doubt based upon this evidence. Despite the fact that this evidence was circumstantial in nature, it is legally sufficient to support the verdict. *See United States v. Talley*, 194 F.3d 758, 765 (6th Cir. 1999) ("[C]ircumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt.") *See also United States v. Blackwell*, 459 F.3d 739, 760 (6th Cir. 2006). As such, the second objection is also **OVERRULED**.

**V.**

**CONCLUSION**

For all the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge to deny each and every claim in the petition for habeas corpus relief. Petitioner's application for a writ of habeas corpus is **DENIED**.

This Court hereby certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: November 30, 2007          *s/  Sara Lioi*
                                  **HONORABLE SARA LIOI**
                                  **UNITED STATES DISTRICT JUDGE**